**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**VALDOSTA DIVISION**

| | | |
|---|---|---|
| TONY LEE DAVIS, | : | |
| | : | |
| Plaintiff | : | |
| | : | |
| VS. | : | |
| | : | |
| Sergeant VIRGINIA WILLIAMS and | : | NO. 7:12-CV-109 (HL) |
| Captain RON JAMES, | : | |
| | : | |
| Defendants | : | |

| | | |
|---|---|---|
| TONY LEE DAVIS, | : | |
| | : | |
| Plaintiff | : | |
| | : | |
| VS. | : | |
| | : | |
| Sergeant VIRGINIA WILLIAMS, | : | NO.  7:12-CV-166 (HL) |
| Nurse DEBRA QUICK, and DR. BRANDY | : | |
| WARREN, | : | |
| | : | |
| Defendants | : | |

On August 14, 2012, Plaintiff **TONY LEE DAVIS**, an inmate at the Thomas County Jail

("TCJ"), filed this action under 42 U.S.C. § 1983, alleging medical mistreatment for a serious eye

condition.  By Orders dated October 9 and November 2, 2012, the Court directed Plaintiff either to

pay an initial partial fee of $13.33 and supplement his complaint, or to voluntarily dismiss this

action (Docs. 7 & 8).  Plaintiff paid the $13.33, but because he failed to submit his supplement, the

Court on November 20th gave him one more opportunity to do so.  (Doc. 9).  The Court dismissed

without prejudice Plaintiff's lawsuit on December 12, 2012, for failing to comply with the Orders

to supplement (Doc. 10).

## I.  MOTION TO RECONSIDER

Plaintiff has now filed a letter, dated December 13, 2012, which the Court construes as a motion to reconsider the dismissal Order (Doc. 12).  Plaintiff states that he supplemented his complaint on November 29, 2012, and, that, if this Court did not receive the supplement, his mail is being tampered with by TCJ officials.[1]

Rather than allowing the Court to address his letter-motion, Plaintiff has filed a new lawsuit, which is dated December 10, 2012, and was received by this Court on December 17, 2012.  *Davis v. Quick*, 7:12-cv-166 (HL).  Because both complaints raise the same claims, the complaints need not proceed independently.

Accordingly, the Court hereby **ORDERS** as follows:

(1) Plaintiff's motion to reconsider is hereby **GRANTED**;

(2)  The Court **VACATES** its Order dated December 12, 2012, and the Judgment filed on that date, and **REOPENS** this action; and

(3) The Clerk's Office shall (i) docket Plaintiff's complaint in 7:12-cv-166 (HL) as a supplement in 7:12-cv-109 (HL), (ii) **ADMINISTRATIVELY CLOSE** *Davis v. Quick*, 7:12-cv-166 (HL); and (iii) add Debra Quick and Dr. Brandy Warren as Defendants herein.

## II.  IN FORMA PAUPERIS

The Court previously granted Plaintiff's motion to proceed *in forma pauperis* and ordered

---

[1]  Plaintiff first raises mail claims in his December 13th letter.  If Plaintiff wishes to pursue mail-related claims, he should file a separate lawsuit naming the responsible individuals as defendants.

Plaintiff to pay an initial partial filing fee of $13.33.  He has paid said fee.  Under 28 U.S.C. § 1915(b), the prison account custodian shall cause to be remitted to the Clerk of this Court monthly payments of 20% of the preceding month's income credited to Plaintiff's account (to the extent the account balance exceeds $10) until the $336.67 balance of the filing fee has been paid in full.  The Clerk of Court is directed to send a copy of this Order to the business manager of the TCJ.

### III.  STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1915A(a), a federal court is required to conduct an initial screening of a prisoner complaint "which seeks redress from a governmental entity or officer or employee of a governmental entity."  Section 1915A(b) requires a federal court to dismiss a prisoner complaint that is: (1) "frivolous, malicious, or fails to state a claim upon which relief may be granted"; or (2) "seeks monetary relief from a defendant who is immune from such relief."

A claim is frivolous when it appears from the face of the complaint that the factual allegations are "clearly baseless" or that the legal theories are "indisputably meritless." *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993). A complaint fails to state a claim when it does not include "enough factual matter (taken as true)" to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007) (noting that "[f]actual allegations must be enough to raise a right to relief above the speculative level," and that the complaint "must contain something more . . . than … a statement of facts that merely creates a suspicion [of] a legally cognizable right of action") (internal quotations and citations omitted); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (explaining that "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements,

3

do not suffice").

In making the above determinations, all factual allegations in the complaint must be viewed as true. ***Brown v. Johnson***, 387 F.3d 1344, 1347 (11th Cir. 2004). Moreover, "[p]ro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." ***Tannenbaum v. United States***, 148 F.3d 1262, 1263 (11th Cir. 1998).

In order to state a claim for relief under section 1983, a plaintiff must allege that: (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. ***Hale v. Tallapoosa County***, 50 F.3d 1579, 1581 (11th Cir. 1995). If a litigant cannot satisfy these requirements, or fails to provide factual allegations in support of his claim or claims, then the complaint is subject to dismissal. ***See Chappell v. Rich***, 340 F.3d 1279, 1282-84 (11th Cir. 2003) (affirming the district court's dismissal of a section 1983 complaint because the plaintiffs factual allegations were insufficient to support the alleged constitutional violation). ***See also*** 28 U.S.C. § 1915A(b) (dictating that a complaint, or any portion thereof, that does not pass the standard in section 1915A "shall" be dismissed on preliminary review).

## IV. DISCUSSION

Turning to the merits of Plaintiff's complaint, he alleges that a nurse, presumably Defendant Debra Quick, and Defendant Dr. Warren misdiagnosed as a stye a staph infection in Plaintiff's eye. Plaintiff requested to see medical on June 4, 2012, and saw "Dr.," presumably Dr. Warren, the

4

following day.[2]  Notwithstanding the misdiagnosis, Plaintiff continued to receive medical care at

the TCJ as his eye condition worsened.  After the eye swelled completely shut, Plaintiff was sent

to the Thomasville Eye Center and then the hospital emergency room.  Plaintiff was told that delay

in diagnosis and treatment of his staph infection could result in death or the loss of his eye.  He had

two surgeries over a five-day stay in the hospital.

Plaintiff states that his eye "is now constantly draining/watery, doesn't open completely,"

and that he suffers from headaches and blurry vision.  Defendant Virginia Williams, the TCJ Jail

Administrator, allegedly has denied Plaintiff's request to "have a follow w/ drs. & have [his] vision

checked."

Plaintiff makes no allegations whatsoever against Defendant Captain Ron James.

Under the Eighth Amendment, prison officials have a duty to provide humane conditions of

confinement and to ensure that prisoners receive adequate food, clothing, shelter, and medical care.

*Hudson v. McMillan*, 503 U.S. 1, 8-9 (1992).[3]  In *Estelle v. Gamble*, 429 U.S. 97, 104 (1976), the

Supreme Court held that "deliberate indifference to serious medical needs of prisoners constitutes

the 'unnecessary and wanton infliction of pain'. . . proscribed by the Eighth Amendment."  To show

that a prison official acted with deliberate indifference, a plaintiff must demonstrate:  "(1) a serious

---

[2]  Plaintiff curiously states in his second complaint that he "wasn't allowed to see medical for 3 days."

[3]  It is unclear whether Plaintiff is a pretrial detainee or a convicted prisoner.  Such distinction is irrelevant as the Eleventh Circuit has held that "in regard to providing pretrial detainees with such basic necessities as food, living space, and medical care the minimum standard allowed by the due process clause is the same as that allowed by the eighth amendment for convicted persons."  *Hamm v. DeKalb Co.*, 774 F.2d 1567, 1574 (11th Cir. 1985).

medical need; (2) defendant's deliberate indifference to that need; and (3) causation between the defendant's indifference and the plaintiff's injury." ***Mann v. Taser Int'l, Inc.*** 588 F.3d 1291, 1306-07 (11th Cir. 2009).  "Deliberate indifference" has three components: (1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; and (3) conduct that is more than mere negligence. ***McElligott v. Foley***, 182 F.3d 1248, 1255 (11th Cir. 1999).

For deficient medical treatment to rise to the level of an Eighth Amendment violation, the care must be "so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." ***Harris v. Thigpen***, 941 F.2d 1495, 1505 (11th Cir.1991) (citation omitted).  The mere allegation of improper or untimely treatment, without more, states at most a claim for medical malpractice actionable in state court, in a section 1983 lawsuit in this Court). ***Id***; ***Simpson v. Holder***, 200 F. App'x. 836, 839 (11th Cir.2006) ( "The facts alleged must do more than contend medical malpractice, misdiagnosis, accidents, and poor exercise of medical judgment").

Even construing Plaintiff's allegations liberally in his favor, he has failed to allege deliberate indifference on the part of Defendants Nurse Quick or Dr. Warren.  Although Plaintiff's eye condition appeared to be serious and the injuries he alleges unfortunate, these Defendants provided Plaintiff with substantial medical treatment, including ultimate referral to an outside specialist. Plaintiff has thus alleged only a claim of misdiagnosis or medical malpractice against these Defendants, which as discussed above, is actionable only in state court.  These Defendants, along with Captain Ron James, against whom Plaintiff makes no allegations, are hereby **DISMISSED**

from this action without prejudice.

Liberally construed in Plaintiff's favor, Plaintiff has alleged a colorable deliberate indifference claim against Defendant Jail Administrator Virginia Williams due to her refusal to allow Plaintiff to receive follow-up treatment for his continuing eye-related conditions. Accordingly, the Court will allow this lawsuit to proceed against Virginia Williams.

In light of the foregoing, it is hereby **ORDERED** that service be made on Defendant Jail Administrator Virginia Williams and that she file an Answer or such other response as may be appropriate under Rule 12 of the FEDERAL RULES OF CIVIL PROCEDURE, U.S.C. § 1915, and the *Prison Litigation Reform Act*. Defendant is reminded of the duty to avoid unnecessary service expenses, and of the possible imposition of expenses for failure to waive service pursuant to Rule 4(d).

### DUTY TO ADVISE OF ADDRESS CHANGE

During the pendency of this action, all parties shall at all times keep the clerk of this court and all opposing attorneys and/or parties advised of their current address. Failure to promptly advise the Clerk of any change of address may result in the dismissal of a party's pleadings filed herein.

### DUTY TO PROSECUTE ACTION

Plaintiff is advised that he must diligently prosecute his complaint or face the possibility that it will be dismissed under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute. Defendants are advised that they are expected to diligently defend all allegations made against them and to file timely dispositive motions as hereinafter directed. This matter will be set down for trial

when the court determines that discovery has been completed and that all motions have been disposed of or the time for filing dispositive motions has passed.

### FILING AND SERVICE OF MOTIONS, PLEADINGS, DISCOVERY AND CORRESPONDENCE

It is the responsibility of each party to file original motions, pleadings, and correspondence with the Clerk of Court.  A party need not serve the opposing party by mail if the opposing party is represented by counsel.  In such cases, any motions, pleadings, or correspondence shall be served electronically at the time of filing with the Court. If any party is not represented by counsel, however, it is the responsibility of each opposing party to serve copies of all motions, pleadings, and correspondence upon the unrepresented party and to attach to said original motions, pleadings, and correspondence filed with the Clerk of Court a <u>certificate of service</u> indicating who has been served and where (i.e., at what address), when service was made, and how service was accomplished (i.e., by U.S. Mail, by personal service, etc.).

### DISCOVERY

Plaintiff shall not commence discovery until an answer or dispositive motion has been filed on behalf of the defendants from whom discovery is sought by the plaintiff.  The defendants shall not commence discovery until such time as an answer or dispositive motion has been filed.  Once an answer or dispositive motion has been filed, the parties are authorized to seek discovery from one another as provided in the FEDERAL RULES OF CIVIL PROCEDURE.  The deposition of the plaintiff, a state/county prisoner, may be taken at any time during the time period hereinafter set out provided prior arrangements are made with his custodian.  **Plaintiff is hereby advised that failure to submit to a deposition may result in the dismissal of his lawsuit under Rule 37 of the Federal Rules**

of Civil Procedure.

IT IS HEREBY ORDERED that discovery (including depositions and interrogatories) shall be completed within 90 days of the date of filing of an answer or dispositive motion by the defendant (whichever comes first) unless an extension is otherwise granted by the court upon a showing of good cause therefor or a protective order is sought by the defendants and granted by the court.  This 90-day period shall run separately as to each plaintiff and each defendant beginning on the date of filing of each defendant's  answer or dispositive motion (whichever comes first). The scheduling of a trial may be advanced upon notification from the parties that no further discovery is contemplated or that discovery has been completed prior to the deadline.

Discovery materials shall not be filed with the Clerk of Court.  No party shall be required to respond to any discovery not directed to him/her or served upon him/her by the opposing counsel/party.  The undersigned incorporates herein those parts of the **Local Rules** imposing the following limitations on discovery:  except with written permission of the court first obtained, INTERROGATORIES may not exceed TWENTY-FIVE (25) to each party, REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS under Rule 34 of the FEDERAL RULES OF CIVIL PROCEDURE may not exceed TEN (10) requests to each party, and REQUESTS FOR ADMISSIONS under Rule 36 of the FEDERAL RULES OF CIVIL PROCEDURE may not exceed FIFTEEN (15) requests to each party.  No party shall be required to respond to any such requests which exceed these limitations.

### REQUESTS FOR DISMISSAL AND/OR JUDGMENT

Dismissal of this action or requests for judgment will not be considered by the court absent

the filing of a separate motion therefor accompanied by a brief/memorandum of law citing supporting authorities.  Dispositive motions should be filed at the earliest time possible, but in any event no later than thirty (30) days after the close of discovery unless otherwise directed by the court.

      **SO ORDERED**, this 7th day of January, 2013.



                              *s/ Hugh Lawson*
                              HUGH LAWSON
                              UNITED STATES DISTRICT JUDGE

cr