# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

| | |
|---|---|
| TONY LEE DAVIS, | : |
| Plaintiff, | : |
| VS. | : |
| | :    **7 : 12-CV-109 (HL)** |
| SGT. VIRGINIA WILLIAMS, | : |
| Defendant. | : |

## RECOMMENDATION

Plaintiff, who is proceeding *pro se*, filed this action pursuant to 42 U.S.C. § 1983 on August 14, 2012. (Doc. 1). Presently pending in this action is Defendant's Motion for Summary Judgment. (Doc. 21).

## Background

Plaintiff states that he was diagnosed with staph infection in his eye, and was required to spend five days in the hospital. (Doc. 14). As a result of the infection, Plaintiff contends that he continues to have problems with his eye, and alleges that Defendant, the Chief Jailer at Thomas County Jail, denied his requests to have follow-up doctor's appointments and requests to have his vision checked. Plaintiff maintains that Defendant was deliberately indifferent to Plaintiff's serious medical needs, violating his Eighth Amendment rights.

Defendant filed her Motion for Summary Judgment on June 25, 2013. (Doc. 21). The following day, the Court notified Plaintiff of the filing of Defendant's Motion for Summary Judgment, advised him of his obligations under the law, and directed him to respond thereto within thirty (30) days of the date of the Court's Order. (Doc. 25). Plaintiff was given two extensions of time to file a response (Docs. 28, 32); however, no response has been filed by Plaintiff.

## Standard of Review

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, "the court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:

> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed.R.Civ.P. 56(c)(1). All facts and reasonable inferences drawn therefrom must be viewed in the light most favorable to the nonmoving party. *Thomas v. Cooper Lighting, Inc.*, 506 F.3d 1361, 1363 (11th Cir. 2007).

As the party moving for summary judgment, Defendant has the initial burden to demonstrate that no genuine issue of material fact remains in this case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986); *Clark v. Coats & Clark, Inc.*, 929 F.2d 604 (11th Cir. 1991). The movant "always bears the initial responsibility of informing the district court of the basis for its motion," and identifying those portions of the record, including pleadings, discovery materials, and affidavits, "which it believes demonstrate the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 323. "If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . grant summary judgment if the motion and supporting materials – including the facts considered undisputed – show that the movant is entitled to it". Fed R. Civ. P. 56(e)(3).

**Discussion**

"Deliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (quoting *Gregg v. Georgia*, 428 U.S. 153, 173 (1976)).  In order to show that a prison official acted with deliberate indifference to a serious medical need, Plaintiff must prove that there is an "objectively serious medical need" and the "prison official acted with deliberate indifference to that need." *Brown v. Johnson*, 387 F.3d 1344, 1351 (11th Cir. 2004).

To establish the objective element, a prisoner must show that the medical need poses a substantial risk of serious harm if left unattended. *Farrow v. West*, 320 F.3d 1235, 1243 (11th Cir. 2003).  A serious medical need is one that "has been diagnosed by a physician as mandating treatment or one that is so obvious even a lay person would easily recognize the necessity for a doctor's attention." *Hill v. DeKalb Reg'l Youth Det. Ctr.*, 40 F.3d 1176, 1187 (11th Cir. 1994), overruled in part on other grounds, by *Hope v. Pelzer*, 536 U.S. 730 (2002).  A serious medical need can also be established if there is a delay in treatment that worsens the condition. *Id.* at 1188-1189.  "In contrast, delay or even denial of medical treatment for superficial, nonserious physical conditions does not constitute an Eighth Amendment violation." *Id.* at 1188.

To establish that a prison official acted with deliberate indifference to a serious medical need, Plaintiff must also show that the prison official had "(1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; and (3) by conduct that is more than mere negligence." *Brown*, 387 F.3d at 1351.  A prison official's subjective knowledge of a risk is a question of fact as to which the defendant "must *both* be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, *and* [ ] must also draw the inference." *Bozeman v. Orum*, 422 F.3d 1265, 1272 (11th Cir.

2007) (emphasis in original) (quoting *Farmer v. Brennan*, 511 U.S. 825 (1994)).

In asserting that she is entitled to summary judgment, Defendant has submitted an affidavit and portions of Plaintiff's medical records. (Docs. 24, 26). Defendant's evidence shows that in June of 2012, Plaintiff was admitted to John D. Archbold Memorial Hospital because of an eye infection. (Docs. 24, Defendant Aff. ¶ 17; 26-3, pp. 38-39). The discharge paperwork states that no follow-up appointment was noted on Plaintiff's chart. (Docs. 24, Defendant Aff. ¶19; 26-3, p. 36). Upon release from the hospital, Plaintiff was treated in the jail dispensary for three days. (Doc. 24, Defendant Aff. ¶¶ 19-21). After non-party Nurse Quick examined Plaintiff on June 20, 2012, Plaintiff was returned to general population. (*Id.* at ¶ 21).

Plaintiff was seen by medical staff on December 12, 2012, and January 10, 14, and 18 of 2013, for various medical problems. (Docs. 24, Defendant Aff. ¶ 23; 26-3, pp. 27, 30, 33-34). The medical requests and treatment notes do not contain complaints of eye related problems. (*See* Doc. 26-3, pp. 27, 30, 34).

The evidence fails to show that Plaintiff requested a follow-up doctor's appointment or additional treatment for his eye problem. Further, there is no evidence showing that Defendant was aware of any request made by Plaintiff for additional treatment for his eye. Plaintiff was seen by the medical staff at the jail after receiving treatment for his eye infection, and he did not complain of any additional problems related to his eye. There is no evidence to show that Defendant was deliberately indifferent to Plaintiff's serious medical needs, and thus no genuine issue of material fact remains regarding Plaintiff's claim. Accordingly, Plaintiff's claim cannot survive Defendant's Motion for Summary Judgment.

## Conclusion

Plaintiff has failed to rebut Defendant's summary judgment showing. It is the recommendation of

the undersigned that Defendant's Motion for Summary Judgment be **GRANTED**. Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to the recommendations contained herein with the Honorable Hugh Lawson, United States District Judge, WITHIN FOURTEEN (14) DAYS after being served with a copy of this Recommendation.

**SO RECOMMENDED**, this 1st day of November, 2013.

                                              s/ ***THOMAS Q. LANGSTAFF***
                                              **UNITED STATES MAGISTRATE JUDGE**

llf