**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION**

**TONY LEE DAVIS,**

    Plaintiff,

v.

**SGT. VIRGINIA WILLIAMS**,

    Defendant.

Civil Action No. 7:12-CV-109 (HL)

**ORDER**

This case is before the Court on a Recommendation from United States Magistrate Judge Thomas Q. Langstaff (Doc. 34). Judge Langstaff recommends that the Motion for Summary Judgment (Doc. 21) filed by Defendant Sergeant Virginia Williams ("Williams") be granted. Plaintiff Tony Lee Davis ("Plaintiff") has filed *pro se* objections (Doc. 35) to the Recommendation, although he failed to respond to the motion for summary judgment. After making a *de novo* review of the Recommendation, the Court accepts and adopts it. The Court grants Defendant's Motion for Summary Judgment.

This case concerns Plaintiff's claims brought under 42 U.S.C. § 1983 that Williams violated the Eighth Amendment to the United States Constitution by being deliberately indifferent to Plaintiff's medical needs while he was incarcerated at the Thomas County (Georgia) Jail from October 5, 2011 to March 28, 2013. Specifically, Plaintiff has alleged that Williams, the chief jailer at the

Thomas County Jail, was deliberately indifferent to medical problems with his eye from May 29 to June 18, 2012. (Doc. 14, pp. 4-6; Doc. 24, ¶¶3, 11-24). The medical staff at the jail consists of Dr. Brandi Warren, Nurse Debra Quick, and a weekend nurse who is not involved in the facts related to this lawsuit. Defendant Williams does not provide medical care for the inmates and does not make medical decisions for them, including whether they might need medical care beyond what the jail's staff could provide. (Doc. 24, ¶¶ 3-4).

Mindful of the obligation to construe all factual allegations in the Plaintiff's favor at the summary judgment stage and the importance of construing his pleadings liberally since he is proceeding *pro se*, the Court has attempted to piece together the factual background as best it might. *See* Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 254-55, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986) (stating that "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor"); Haines v. Kerner, 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972) (holding a *pro se* complaint "to less stringent standards than formal pleadings drafted by lawyers"). While Plaintiff was being held in the jail's isolation ward during late May and early June 2012, he was not allowed to visit the medical staff for three days despite his complaints of pain, although who made this decision is unclear. (Doc. 14, p. 5). On June 4, Plaintiff asked to be seen by Dr. Warren, and when she examined him the following day

she diagnosed him as having a sty in his eye.[1] (Doc. 26-4, p. 2). Plaintiff's condition worsened, and by June 10 his eye had swollen shut. (Doc. 26-4, p. 2). He filled out a detainee sick call request form on June 11 and was seen by Nurse Quick. (Doc. 26-3, p. 19; Doc. 26-4, p. 2). The nurse notified Dr. Warren of Plaintiff's situation, and on June 12 the doctor inspected Plaintiff and prescribed medications for the eye. (Doc. 26-3, p. 22; Doc. 26-4, p. 2).

After no improvement was seen the following day, Dr. Warren ordered Plaintiff to be taken to the Thomasville Vision Center so he could be examined by a specialist. The ophthalmologist at the Thomasville Vision Center was so concerned by Plaintiff's condition he instructed him to be taken to the emergency room at John D. Archbold Memorial Hospital. (Doc. 24, ¶¶15-17; Doc. 26-3, p. 22). The hospital staff diagnosed Plaintiff as suffering from orbital cellulitis and kept him hospitalized from June 13-17, 2012. Upon his discharge from the hospital, Plaintiff was prescribed medications to be administered under the oversight of Dr. Warren. The discharge summary specifically stated that no follow-up appointment with medical staff was needed. (Doc. 26-3, pp. 36-39).

Once Plaintiff had returned to the jail, he continued to complain of issues with his eye and repeatedly requested that Williams allow him "to see free-world

---

[1] The Court bases this factual allegation on claims Plaintiff made on grievance forms he completed while incarcerated at the jail and has filed along with his complaint. There are no medical records from May 29 to June 4 indicating such a diagnosis, and on the detainee sick call request forms Plaintiff filled out during this time he did not mention any pain in his eye. (Doc. 26-3, pp. 1-6, 10-19).

drs. [sic]." (Doc. 35, p. 1). Williams did not accede to these requests. There is no evidence any of the medical staff at the jail ever considered Plaintiff to have a serious medical condition with his eye that required treatment by medical personnel beyond what the jail could provide, and there is certainly no evidence any such recommendation was made to Williams. Quite to the contrary, Nurse Quick examined Plaintiff on June 20 and found his eye was "much improved with no drainage noted." Plaintiff even requested to be transferred from the dispensary holding cell back into the jail's general population dormitory. (Doc. 26-3, p. 24). During the remainder of his incarceration, Plaintiff was seen by the jail's medical staff on four separate occasions but never related to them ongoing issues with his eye, and they certainly did not diagnose any serious eye problems. (Doc. 26-3, pp. 27-35).

  The Court can only conclude from these facts that Williams did not violate the Eighth Amendment by being deliberately indifferent to Plaintiff's serious medical needs. The Magistrate Judge ably set forth the law in this area in his Recommendation, so only a brief legal summary is needed here. To withstand summary judgment on his claim, Plaintiff must show that he had an "objectively serious medical need" and that Williams "acted with indifference to that need." Brown v. Johnson, 387 F.3d 1344, 1351 (11th Cir. 2004). Thus, Plaintiff must be able to show that (1) Williams subjectively knew of a risk of serious harm; (2) she

disregarded that risk; and (3) her conduct was more than mere negligence. Id. at 1351. Merely failing to provide Plaintiff with the specific medical treatment he demanded does not mean Williams was indifferent to his medical needs. *See* Hamm v. DeKalb County, 774 F.2d 1567, 1575 (11th Cir. 1985).

The Eighth Amendment is only concerned with "serious" medical needs. *See* Hudson v. McMillan, 503 U.S. 1, 9, 112 S.Ct. 995, 117 L.Ed.2d 156 (1992). The Eleventh Circuit has defined a serious medical need as "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Farrow v. West, 320 F.3d 1235, 1243 (11th Cir. 2003) (internal quotation and citation omitted). An inmate's self-diagnoses or speculations about how his condition should be treated are insufficient to establish the existence of a serious medical need. *See* Brown v. Crawford, 906 F.2d 667, 666 (11th Cir. 1990).

Plaintiff has failed to provide specific evidence he suffered a serious medical need to which Williams was deliberately indifferent, which is his burden to do now that Williams has presented a *prima facie* case that no genuine dispute of material fact exists. *See* id.; Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Once the seriousness of Plaintiff's eye condition was realized by the jail's staff on June 12, he quickly received proper care by the necessary medical personnel both inside and outside the jail. There

5

is no evidence Williams sought to thwart this treatment. Nor is there any evidence, beyond Plaintiff's speculations, that his eye condition constituted a serious medical need after he returned to the jail on June 17, 2012. Thus, the Court adopts the Magistrate Judge's Recommendation and grants Defendant's motion for summary judgment.

**SO ORDERED**, this the 25th day of November, 2013.

*s/ Hugh Lawson*_____
**HUGH LAWSON, SENIOR JUDGE**

scr